UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

REGINA LEWIS,

      Plaintiff,

 -against-

DACIA DOE, Row 4 Bed 5 Lower,

      Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
13-CV-3190 (ARR)

ROSS, United States District Judge.

Plaintiff Regina Lewis, then incarcerated at the Metropolitan Detention Center ("MDC")[1], filed this pro se civil rights action on May 30, 2013, alleging that she was assaulted by another inmate on May 25, 2013, at MDC. The Court liberally construes the action as being brought pursuant to 42 U.S.C. § 1983[2] and grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

Plaintiff's complaint in its entirety states:

> On or around May 25, 2013 at 6:00 pm inmate Dacia of Jamaican decent did assault me. I was sitting in a chair, with my feet up and she rushed me causing the chair to fall forward and to fall out. She continued to push and force me out of the chair rather than asking for it. I suffer with a recent back injury that has been exacerbated by the attack. I wish to file this complaint and prey that the court awards me the sum of: $40,000 in punitive [and] $40,000 in compensatory [damages].

---

[1] Plaintiff is now incarcerated at the Carswell Federal Medical Center in Fort Worth, Texas.

[2] The Court has considered whether to construe this suit as an action under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971), because plaintiff was being held in federal custody. However, the result would be the same. "[F]ederal courts typically analogize claims under § 1983 with Bivens actions." Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995).

1

Compl. 1.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and this Court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Pl. v. Sealed Def. #1, 537 F.3d 185, 191-92 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must also assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-680 (2009)). Nonetheless, the complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The plausibility standard does not impose an across-the-board, heightened fact pleading standard, Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008), or "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8," Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief.

## DISCUSSION

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Id. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Board of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)). Here, plaintiff brings suit against another inmate, who is not a state actor. Thus, plaintiff's claims must be dismissed. See Lumumba v. Marquis, No. 2:13-CV-69, 2013 WL 5429429, at *4 (D. Vt. Sept. 30, 2013) (dismissing prisoner's § 1983 claim against another prisoner); Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) (same); see generally Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."); cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)).

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

ALLYNE R. ROSS
United States District Judge

Dated: October 31, 2013
Brooklyn, New York